IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MARK HENSCHEL, PATRICIA
RANGEL, ROSALIND COX, ANITA
LENDWAY, ROBERTA GUNDERSON,
GERALD FLOYD, BETTY HARRIS,
JAMES HEARD, and CHERYL DIAS,

Individually and on behalf
of all others similarly situated,

      PLAINTIFFS,

v.

CITY COLLEGES OF CHICAGO a/k/a
COMMUNITY COLLEGE DISTRICT NO.
508; PAULA WOLFF, ELLEN
ALBERDING, LARRY ROGERS,
CLARISOL DUQUE, DARRELL
GRIFFIN, MARISELA LAWSON,
EVERETT RAND, and CHERYL HYMAN,

      DEFENDANTS.

Case No. 17-CV-8932

**COMPLAINT**

**INTRODUCTION**

1. This is a class and representative action against Defendant City Colleges of Chicago District No. 508 (also known as City Colleges of Chicago, or "CCC"), the members of its Board of Trustees their official capacities, and former Chancellor Cheryl Hyman ("Defendants") for violations of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and 42 U.S.C. §1983.

2. This action alleges that CCC, its then-Chancellor Cheryl Hyman, and Board of Trustees promulgated and implemented a policy of not employing or re-employing as part-time

1

faculty any individual who is an annuitant of the State University Retirement System ("SURS") regardless of whether they are "affected annuitants" pursuant to 40 ILCS 5/15-139.5(b)(2).

3. The policy discriminates against employees who are 40 years of age and older and thus has a substantial disparate impact on the class protected by the ADEA.

4. To the extent that CCC's policy relies on Illinois law, it is preempted by federal non-discrimination law.

5. Through their class-wide and collective action claims, Named Plaintiffs Mark Henschel, Patricia Rangel, Rosalind Cox, Anita Lendway, Roberta Gunderson, Gerald Floyd, James Heard, Betty Harris, and Cheryl Dias ("Named Plaintiffs") seek reemployment and other forms of relief including all penalties, liquidated damages, and other damages permitted by law; all other forms of relief permitted by law; and reasonable attorneys' fees and costs.

6. Named Plaintiffs and putative class and collective action members are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Fed. R. Civ. P. 23 as they suffered identical adverse employment actions under this policy.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Plaintiff alleges violations of the ADEA, 29 U.S.C. § 621, *et seq* and 42 U.S.C. §1983.

8. Named Plaintiffs have complied with all jurisdictional prerequisites to action under the ADEA by timely filing a charge of discrimination with the Equal Employment Opportunity Commission in 2014. Seven of the Named Plaintiffs have been issued a right to sue letter subsequent to the EEOC's investigations of the charges. Copies of the charges are attached as Exhibit A.

9. The Northern District of Illinois has personal jurisdiction over Defendants because CCC maintains facilities and conducts its business within the District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (d) because CCC is an employer subject to personal jurisdiction within this judicial district at the time this action is being commenced.

## PARTIES

11. Defendant City Colleges of Chicago is a system of seven public Illinois community colleges that provides a variety of educational opportunities for Chicago-area residents through the colleges and at several other sites throughout the greater Chicago-area. CCC maintains its principal place of business in Chicago, Illinois. CCC has thousands of employees and is an "employer" within the meaning of 29 U.S.C. § 630(b). At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b),(g) and (h).

12. Defendant Cheryl Hyman is the former chancellor of CCC, who held such position from approximately 2010 until 2016. Defendant Hyman is one of the individuals responsible for the promulgating and implementing the policy of not employing as part-time faculty any individual who is an annuitant of the SURS. Defendant Hyman is sued in her official capacity as Chancellor of CCC.

13. Defendants Paula Wolff, Ellen Alberding, Larry Rogers, Clarisol Duque, Darrell Griffin, Marisela Lawson, and Everett Rand were members of the Community College District No. 508 Board of Trustees, and in such capacity were responsible for the promulgating and implementing CCC's policy of not employing as part-time faculty any individual who is an annuitant of the SURS, and are thus being sued in their official capacity.

14. Named Plaintiff Mark Henschel is an adult resident of Rockford, Illinois. Henschel was employed by CCC as an instructor of mathematics for several years, most recently from 2011 until 2014, at Harold Washington College. At all relevant times, Henschel has been an annuitant of the Illinois State Universities Retirement System and has been over the age of 40.

15. Named Plaintiff Patricia Rangel is an adult resident of Chicago, Illinois. Rangel was employed by CCC as an instructor in the English department at CCC's Wright College until 2014. At all relevant times, Rangel has been a SURS annuitant and has been over the age of 40.

16. Named Plaintiff Rosalind Cox is an adult resident of Chicago, Illinois. Cox was employed as a mathematics instructor by CCC from 1977 until May 2004, and again from 2012 to approximately April 2014. At all relevant times, Cox has been a SURS annuitant and has been over the age of 40.

17. Named Plaintiff Anita Lendway is an adult resident of Chicago, Illinois. Lendway was employed by CCC as an instructor of biology from 1979 until 2014 at CCC's Wright College. At all relevant times, Lendway has been a SURS annuitant and has been over the age of 40.

18. Named Plaintiff Roberta Gunderson is an adult resident of Chicago, Illinois. Gunderson was employed by CCC as an instructor of biology from 1988 through 2014 at CCC's Wright College. At all relevant times, Gunderson has been a SURS annuitant and has been over the age of 40.

19. Named Plaintiff Cheryl Dias is an adult resident of Chicago, Illinois. Dias was employed by CCC as an instructor in the Biology department at CCC's Harold Washington College after her retirement, until 2014. At all relevant times, Dias has been a SURS annuitant and has been over the age of 40.

20. Named Plaintiff Betty Harris is an adult resident of Oak Park, Illinois. Harris was employed by CCC as adjunct faculty in the social science at CCC's Harold Washington College until 2014. At all relevant times, Harris has been a SURS annuitant and has been over the age of 40.

21. Named Plaintiff Gerald Floyd is an adult resident of Chicago, Illinois. Floyd was employed by CCC as adjunct faculty until 2014. At all relevant times, Floyd has been a SURS annuitant and has been over the age of 40.

22. Named Plaintiff James Heard is an adult resident of Chicago, Illinois. Heard was employed by CCC as adjunct faculty until 2014. At all relevant times, Heard has been a SURS annuitant and has been over the age of 40.

23. None of the Named Plaintiffs are "affected annuitants" pursuant to 40 ILCS 5/15-139.5(b)(2).

24. Named Plaintiffs bring this action on behalf of themselves and on behalf of other similarly situated employees pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and Section 16(b) of FLSA, 29 U.S.C. § 216(b) (hereafter "the Collective Class"). Named Plaintiffs' consent forms are attached an incorporated as Exhibit B to this complaint. The Collective Class of similarly situated employees is defined as:

> All part time faculty who were denied employment or re-employment at City Colleges of Chicago, also known as Community College District No. 508, as the result of its policy to not employ or re-employ State Universities Retirement System annuitants and who are not "affected annuitants" pursuant to 40 ILCS 5/15-139.5(b)(2).

25. Named Plaintiffs bring this action on behalf of themselves and the Illinois Retiree Class pursuant to Fed. R. Civ. P. 23 (hereafter "Illinois Retiree Class"). The Illinois Retiree Class is defined as:

All part time faculty who were denied employment or re-employment at City Colleges of Chicago, also known as Community College District No. 508, as the result of its policy to not employ or re-employ State Universities Retirement System annuitants and who are not "affected annuitants" pursuant to 40 ILCS 5/15-139.5(b)(2).

26. Named Plaintiffs and the members of the Class are employees within the meaning of 29 U.S.C. § 630(f).

## FACTUAL ALLEGATIONS

27. SURS is a pension plan that provides retirement benefits to eligible individuals who are or were employed by covered public Illinois state universities or community colleges ("SURS-covered employers") in varied occupations, from professors and teachers to clerical, security personnel, professionals, building service workers and groundskeepers.

28. Upon retirement from a career with a SURS-covered employer, an individual becomes an "annuitant" when he or she begins collecting his or her SURS retirement benefit.

29. CCC uses a combination of regular, full-time faculty and part-time and adjunct faculty to provide instruction to CCC students.

30. CCC employed retired faculty as part-time "adjunct" faculty, often referred to Professors Emeritus, on a semester-long contractual basis. At the end of each semester, part-time faculty members could be reemployed for the subsequent semester.

31. Upon retiring from their employment with CCC or another SURS-covered employer and becoming annuitants, Class members continued or obtained post-retirement employment at CCC on a part-time basis as adjunct faculty. CCC limited such adjunct faculty to teaching no more than two classes per semester.

32. At the time Class members began post-retirement employment, SURS required that annuitants notify SURS of post-retirement employment with SURS-covered employers and imposed limitations on annuitants' earnings from SURS-covered employers.

33. The Illinois General Assembly passed legislation to impose financial penalties on SURS-covered employers who employ certain "affected annuitants," effective August 1, 2013. 40 ILCS 5/15-139.5. This legislation amended the state's Return-to-Work law.

34. "Affected annuitants" are those annuitants who obtain post-retirement employment at a SURS-covered employer (or employers) for more than 18 weeks per year, for which the annuitant is compensated in excess of 40% of his or her highest annual rate of pre-retirement earnings. 40 ILCS 5/15-139.5(b)(2).

35. CCC instituted a monitoring system to track compensation and required that the annuitants it employed complete a SURS Annuitant Return to Work certification that specified the employee's retirement date, SURS earning limitation, pre-retirement highest annual earnings, and information about the annuity the annuitant was receiving. Annuitants were required to attest that they would not work for any other SURS-covered institution while also working at CCC.

36. On or around April 3, 2014, on the recommendation of Chancellor Hyman, the Board of Trustees approved a resolution adopting the following SURS Annuitant Policy:

> SURS Annuitants hired/re-hired on or after April 4, 2014. Effective April 4, 2014, City Colleges of Chicago shall discontinue hiring/re-hiring SURS annuitants. City Colleges of Chicago will consider exceptions to this policy on a case-by-case basis, prior to the employment of a SURS annuitant. Any decision to hire/re-hire a SURS annuitant requires the express written authorization of the Chancellor or designee.
>
> SURS Annuitants employed prior to April 4, 2014. All SURS Annuitants employed prior to April 4, 2014 are subject to employment modifications necessary to comply with this policy and applicable laws. Any such modifications will be coordinated through the Office of Human Resources in conjunction with the individual employee and City Colleges of Chicago departments involved.

The policy applied and continues to apply district-wide, to all SURS annuitants employed by CCC, regardless of the college and/or instructional site(s) at which they worked.

37. The policy applied such policy regardless of whether the annuitant was an "affected annuitant" under the Return to Work Law.

38. The decision to not schedule SURS Annuitants was not a reflection of the annuitants' performance or conduct, but solely the result of Defendants' approach to managing SURS Annuitants.

39. As the result of this policy, those annuitants teaching as of April 4, 2014, were permitted to remain employed and continue instruction through the end of the semester, when their contracts expired. Following the end of the 2013-2014 school year, CCC generally refused to employ or re-employ annuitants as adjunct faculty or in any other capacity except in limited circumstances during the Fall 2014 semester where full time faculty was unavailable or unable to teach the coursework, or for other compelling reasons.

40. Each school year, CCC required SURS Annuitants seeking re-employment to complete a certification attesting to their earnings limitation and certifying that they would not exceed that limitation and would not work for any other SURS-covered employer.

41. Subsequent to April 2014, CCC decided that it would not employ any annuitants under any circumstances. Upon information and belief, those annuitants for whom CCC initially made an exception and permitted to teach courses were replaced within their departments by younger faculty.

42. CCC continues to maintain the common policy by which it will not employ or reemploy individuals who are SURS annuitants, regardless of whether they are affected annuitants under the Return to Work law.

43. Named Plaintiffs had a continuing expectation of re-employment, but were denied re-employment as the result of the new policy. Following the implementation of the policy, CCC replaced Named Plaintiffs with younger faculty.

## COLLECTIVE ACTION ALLEGATIONS

44. Named Plaintiffs bring this case on their own behalf and on behalf of the Collective Class, as defined in paragraph 24 of the claim, pursuant to 29 U.S.C. § 216(b), § 626(b).

45. Named Plaintiffs are similarly situated to others in the Collective Class and were and remain subject to Defendants' common practice, policy, or plan of refusing to employ or re-employ State Universities Retirement System annuitants regardless of whether they are "affected annuitants" pursuant to 40 ILCS 5/15-139.5.

46. The claims of Named Plaintiffs are representative of the claims of the Collective Action Plaintiffs, in that, such class members are State Universities Retirement System annuitants but not "affected annuitants" pursuant to 40 ILCS 5/15-139.5.

47. The names and addresses of the Collective Action Plaintiffs are available from CCC, and notice should be provided to the Collective Action Plaintiffs via first class mail to their last known address as soon as possible.

## CLASS ALLEGATIONS

48. Named Plaintiffs bring the Second Claim for Relief on their own behalf and on behalf of the Illinois Retiree Class, defined in paragraph 25, supra, pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.

49. The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief, CCC has employed between 70 and 100 employees who satisfy the definition of the class.

50. There are questions of law and fact common to the Illinois Retiree Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a) Whether Defendants CCC, Hyman, Wolff, Alberding, Rogers, Duque, Griffin, Lawson, and Rand, acting under color of state law and 40 ILCS 5/15-139.5(b)(2), subjected members of the Illinois Retiree Class to the deprivation of rights, privileges, or immunities secured by the Age Discrimination in Employment Act as amended, 29 U.S.C. § 621, *et seq.*

(b) Whether 40 ILCS 5/15-139.5(b)(2) is preempted by the Age Discrimination in Employment Act as amended, 29 U.S.C. § 621, *et seq.*

(c) The proper measure of damages sustained by Named Plaintiffs and members of the Illinois Retiree Class.

## FIRST CLAIM FOR RELIEF: VIOLATION OF THE ADEA

51. Named Plaintiffs, individually and on behalf of the Collective Class, allege and incorporate by reference the allegations in the preceding paragraphs.

52. Named Plaintiffs bring the First Claim for Relief on his own behalf, and on behalf of the defined Class, pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and Section 16(b) of FLSA, 29 U.S.C. § 216(b).

53. Named Plaintiffs are similarly situated to others in the Collective Class and were and remain subject to Defendants' common practice, policy, or plan of refusing to employ or reemploy SURS annuitants in violation of the ADEA.

54. Named Plaintiffs' claims are representative of the claims of the Collective Action Plaintiffs, in that, such employees are part-time faculty employees, who were working for CCC, but were terminated and/or not reemployed by CCC because of their status as SURS annuitants.

55. Named Plaintiffs and Collective Action Plaintiffs are non-affected annuitants under the Return-to-Work Law, and there is no penalty against CCC for continuing to employ such individuals under the Return-to-Work Law.

56. All SURS annuitants are over the age of 55, thus, no part-time faculty member under the age of 40 failed to be reemployed by the College because of its new SURS reemployment policy.

57. The ADEA prohibits covered employers from implementing and enforcing policies that discriminate against individuals over the age of 40 and/or have a substantial disparate impact on older protected class members.

58. Defendant discriminated against Plaintiffs and members of the Class based on age when implemented a policy that discriminated against individuals over the age of 40, and more specifically, over the age of 55, and/or had a substantial disparate impact on protected class members.

59. By such actions, Defendants' conduct violated the Age Discrimination in Employment Act as amended, 29 U.S.C. § 621, *et seq.*

## SECOND CLAIM:
## VIOLATION OF 42 U.S.C. § 1983

60. Named Plaintiffs, individually and on behalf of the Illinois Retiree Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

61. The Supremacy Clause, Article VI, Clause 2 of the U.S. Constitution, mandates that federal law preempts state law in any area over which Congress expressly or impliedly has reserved exclusive authority or which is constitutionally reserved to the federal government, including where state law conflicts or interferes with federal law.

62. To the extent that 40 ILCS 5/15-139.5(b)(2) provides a basis for terminating the employment of SURS participants and such terminations discriminate against such participants on the basis of age, the state law conflicts with protections against discrimination on the basis of age contained in the ADEA and is preempted by federal law.

63. Where Defendants City College of Chicago, Chancellor Hyman, and Board of Trustee members Wolff, Alberding, Rogers, Duque, Griffin, Lawson, and Rand, acting under color of state law and 40 ILCS 5/15-139.5(b)(2), subjected members of the Illinois Retiree Class to the deprivation of rights, privileges, or immunities secured by the Age Discrimination in Employment Act as amended, 29 U.S.C. §621, et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff demands the following relief:

A. Issue notice to all similarly situated employees and former employees of City College of Chicago informing them of their right to file consents to join this action;

B. Certify all of Named Plaintiffs' ADEA claims as a Collective Action pursuant to Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), and Section 16(b) of Fair Labor Standards Act, 29 U.S.C. § 216(b).

C. Certify all of Named Plaintiffs' claims under 42 U.S.C. § 1983 as a class action pursuant to Fed R. Civ. P. 23;

C. Enter a judgment that Defendants violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*;

D. Enter judgment against the Defendants and in favor of Plaintiffs for prospective and retrospective monetary relief;

E. Enter an order permanently enjoining and restraining Defendants and their successors from violating the provisions of federal law;

F. Enter judgment against Defendants and in favor of Plaintiffs for compensatory, punitive, and liquidated damages;

H. Order Defendant City Colleges of Chicago to reemploy Plaintiffs in their previously held positions;

I. Award Plaintiffs the costs of this action and reasonable attorneys' fees; and

J. Grant all Plaintiffs such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Named Plaintiffs demand a trial by jury.

Dated this 12th day of December, 2017.

/s/ Sara J. Geenen
Sara J. Geenen
sjg@previant.com
Nathan D. Eisenberg (Ill. Bar No. 6307413)
nde@previant.com
THE PREVIANT LAW FIRM, S.C.
310 West Wisconsin Ave. Suite 100 MW
Milwaukee, WI 53203
Telephone: 414/271 4500
Fax: 414/271 6308

(LEAD COUNSEL)

Stephen Yokich (Ill. Bar No. 6181707)
syokich@laboradvocates.com
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich
8 South Michigan Avenue – 19th Floor
Chicago, IL 60603
Telephone: 312/ 372-1361
Fax: 312/372-6599

(LOCAL COUNSEL)

Attorneys for Plaintiffs